UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

COACH, INC.*,* et al.,        )
                         )
       Plaintiffs,      )
                         )
     vs.               )   Case No. 4:11CV1677 CDP
                         )
CITY GEAR, LLC, et al.,    )
                         )
       Defendants.    )

## MEMORANDUM AND ORDER

Plaintiffs Coach, Inc. and Coach Services, Inc. brought this trademark
infringement action against defendants City Gear, LLC, Kaleb Davis, Timothy
Ray Davis, and Does 1 through 100, for selling counterfeit Coach bags.
Defendants City Gear and Timothy Ray Davis were served on October 4, 2011,
but failed to plead or otherwise respond by the October 25, 2011 deadline. Coach
now moves for default judgment, which I will grant.

"Once a default is entered...defendant is deemed to have admitted all well
pleaded allegations in the complaint." *Taylor v. City of Ballwin, Mo.*, 859 F.2d
1330, 1333 (8th Cir. 1988) (quoting *Carribean Produce Exch. v. Caribe Hydro-
Trailer, Inc.*, 65 F.R.D. 46, 48 (D.P.R. 1974)). Coach's complaint alleges that City
Gear and Davis negligently or intentionally and willfully offered for sale

counterfeit merchandise bearing Coach's trademarks.  Since City Gear and Davis are deemed to have admitted these allegations, Coach is entitled to statutory damages under the Lanham Act.  15 U.S.C. § 1117(c).  The Lanham Act authorizes statutory damages of "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just," or "if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold."  *Id.*

According to the complaint, an assistant for Coach entered City Gear and observed ten handbags bearing the Coach Heritage logo.  Docket No. 1 at ¶ 30(C).  One of these bags was purchased, inspected by a Coach investigator, and determined to be a counterfeit.  Docket No. 1 at ¶¶ 30(D)–(F).  Coach requests $500,000 in statutory damages.  In its proposed order Coach calculates the total as $100,000 per counterfeit mark per type of good.  Docket No. 11-4 at 3.

The statute "does not provide guidelines for courts to use in determining an appropriate award," *Louis Vuitton Malletier v. Veit*, 221 F. Supp. 2d 567, 583 (E.D. Pa. 2002), and is only limited by what "the court considers just."  15 U.S.C. § 1117(c).  Factors courts have considered in determining an award include (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the

value of the trademark; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant. *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 125 (S.D.N.Y. 2003) (quoting *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986)).

Taking these factors into account, particularly in light of the fact that defendants' failure to respond in this case make their expenses saved and profits reaped unknowable, I agree that $100,000 is an appropriate amount of damages for the violation.  As pled, there is one type of good (handbag) and one specific trademark (Heritage logo) at issue.  Coach is therefore entitled to damages in the amount of $100,000 total.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [#11] is granted.  A default judgment in accord with this decision is entered separately.

**IT IS FURTHER ORDERED** that plaintiffs' motion to voluntarily dismiss without prejudice [#12] defendant Kaleb Davis, individually, is granted.

**IT IS FURTHER ORDERED** that defendants Does 1–100 are dismissed without prejudice.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of January, 2012.